## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| **Plaintiffs,** | **1:04-cr-00105-4** **1:13-cv-00063** |
| **v.** | |
| **FELIX CRUZ,** | |
| **Defendant.** | |

TO:    **Harry Cyril Wallace, Esq., AUSA**
         **Felix Cruz,** *Pro Se*, **Reg. No. 57593-004**
              **Pollock USP**
              **P.O. Box 2099**
              **Pollock, LA  71467**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order (ECF No. 878) of Chief Judge

Wilma A. Lewis in Criminal No. 04-00105-4 referring Defendant Felix Cruz's *pro se* Motion

under 28 U.S.C. § 2255[1] to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody (ECF No. 753) to the undersigned for a Report and Recommendation.  The

government filed a response in opposition to the motion (ECF No. 806).  The time for filing

a reply has expired.  For the reasons that follow, it is recommended that Felix Cruz's motion

be denied.

---

[1] All citations to the United States Code are to the electronic version that appears in Westlaw.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 2

I.      **BACKGROUND**

As the parties are familiar with the underlying facts of this case, only those facts

relevant to this discussion will be recited.

On April 17, 2004, Defendant Cruz and his three co-Defendants engaged in a series

of crimes including car-jacking, attempted robbery, and murder.  On May 31, 2006, a grand

jury returned an 11-count third superseding indictment against the four named

defendants, including Felix Cruz.  Third Superseding Indictment (Docket No. 309), dated

May 31, 2006.  On February 6, 2007, following a four-week trial, the jury convicted all four

Defendants on all charges.  After the Court entered judgments of acquittal on Counts Three

and Four,[2] Cruz was sentenced to life imprisonment on Count Five, murder first degree,

and Count Six, causing the death of a person through the use of a firearm.  Judgment and

Commitment (ECF No. 578), entered June 27, 2007, and Amended Judgment (ECF No. 686),

entered January 30, 2009.[3]

Cruz and his co-Defendants filed a timely appeal.  The Third Circuit Court of Appeals

affirmed the convictions.  *United States v. Berrios*, 676 F. 3d 118 (3d Cir. 2012).  Cruz chose

not to file a petition for writ of certiorari with the United States Supreme Court.  He then

---

[2] *See United States v. Berrios*, Crim. No. 2004/0105, 2008 WL 2704884 (D.V.I. July 8, 2008).
[3] The sentence also included: 20 years each on Count One, conspiracy to commit robbery, and Count Two, attempted robbery; 15 years each on Count Seven, unauthorized use of a firearm during a crime of violence, and Count Eight, attempted car jacking; and, with the sentences on Counts One, Two, and Eight to run consecutively to each other and sentences on Counts Five and Seven to be served after the sentences on the other Counts.  Judgment and Commitment (ECF No. 578), entered June 27, 2007, and Amended Judgment (ECF No. 686), entered January 30, 2009.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 3

timely filed his Section 2255 motion to vacate, which was docketed by the Court on June 10,

2013.  Cruz asserts 18 grounds for post-conviction relief.

## II.    LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v.*

*United States*, 417 U.S. 333, 343 (1974)).  As the *Davis* Court notes, "[H]istory makes clear

that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal

habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974).  However, not every

asserted error of law can be raised in a § 2255 motion.  *Id*. at 346.  The remedy is intended

only where the "claimed error of law was a 'fundamental defect which inherently results in

a complete miscarriage of justice' and [where] '(i)t . . . present(s) exceptional circumstances

where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id*.

(quoting *Hill v. United States*, 368 U.S. 428 (1962) (internal quotation marks omitted)).

In order to prevail on a § 2255 motion, a petitioner must show one of the following:

1.) the sentence was imposed in violation of the Constitution or the laws of the United

States; 2.) the court was without jurisdiction to impose the sentence; 3.) the sentence was

in excess of the maximum authorized by law; or, 4.) the sentence is otherwise subject to

collateral attack.  28 U.S.C. § 2255(a).  If the court finds any of these grounds, the court

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 4

must vacate the judgment, discharge or resentence the petitioner, or grant the petitioner a

new trial as appropriate.  28 U.S.C. § 2255(b).

A § 2255 motion is not a substitute for an appeal.  *Hodge v. United States*, 554 F.3d

372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).  Thus,

the general rule is that a movant "has procedurally defaulted all claims that he neglected to

raise on direct appeal."  *Hodge*, 554 F.3d at 379 (citation omitted); *Massaro v. United States*,

538 U.S. 500, 504 (2003).  Moreover, a 2255 motion may not "be used to relitigate matters

decided adversely on appeal."  *Government of the Virgin Islands v. Nicholas*, 759 F.2d 1073,

1075 (3d Cir. 1985) (citation omitted).  However, a movant properly raises ineffective

assistance of counsel arguments under § 2255 rather than on direct appeal.  *See, e.g.,*

*Massaro*, 538 U.S. at 504 (explaining it is "preferable" that such claims be considered on

collateral review where the record for such claims may be properly developed); *accord*

*United States v. Garcia*, 516 F. App'x 149, 151 (3d Cir. 2013) ("It is well-settled that this

Court ordinarily does not review claims of ineffective assistance of counsel on direct

appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

"A court may dismiss a motion to vacate without . . . holding an evidentiary hearing

when it is clear from both the motion and the record that the movant is not entitled to

relief."  *United States v. Delbridge*, 504 F. App'x 145, 148 (3d Cir. 2012); 28 U.S.C. § 2255(b).

Further, a court may decide a § 2255 "motion without requiring the production of the

prisoner at the hearing."  28 U.S.C. § 2255(c).  A petitioner's *pro se* pleading is construed

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 5

liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)

(explaining that the liberal construction accorded a *pro se* litigant's pleadings does not

include the rendering of substantive legal advice).

III.    **DISCUSSION**

Said Defendant/Movant asserts 18 grounds for relief.  Many of the grounds also

form the basis for Cruz's claims of ineffective assistance of both trial and appellate counsel.

As recited in Cruz's motion the grounds are stated as follows:

One:        whether the conviction and sentences are unconstitutional due to
            ineffective assistance of counsel

Two:        whether movant was denied a fair trial when a biased juror was
            impaneled after being excused by the trial court for being biased

Three:      whether the trial court denied movant a fair trial where it failed to
            conduct a hearing to determine whether the implied bias existed

Four:       whether trial court violated movant's Sixth Amendment right to
            confrontation where it admitted Ms. Michaud's testimony and report
            that's based on testimonial hearsay

Five:       whether Ms. Michaud's report was testimonial hearsay and its
            admission, without the accompanying testimony of those specialists
            who conducted the testing, violated movant's Sixth Amendment right

Six:        whether Ms. Michaud's testimony and report that is based on
            testimonial hearsay were admitted for the purpose of establishing
            their truth of the matter, thus violating Fed. R. Evid. 703

Seven:      whether movant was denied a fair trial where the trial court failed to
            give a limiting jury instruction

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 6

Eight:     whether movant was denied a fair trial where the government
           misused Fed. R. Crim. P. Rules 15 and 17 to conduct investigatory
           interrogation and depositions of grand jury witnesses outside the
           presence of the grand jury

Nine:      whether prosecutorial misconduct denied movant a fair trial where
           the government's attorneys and case agents misused Fed. R. Crim. P.
           Rule 17 to facilitate "investigatory interrogation" of a grand jury
           witness Tyiasha Moore outside the presence of the grand jury

Ten:       whether appellate counsel was ineffective where he refused to raise
           issue that suppression was required

Eleven:    whether movant was denied due process and a fair trial where the
           trial court applied strict rules of evidence to exclude a material and
           favorable tape recording

Twelve:    whether Armando Cruz's statements on the tape recording are not
           hearsay, but fall under the non-hearsay under Fed. R. Evid. 801(d)(2)
           and exclusion denied movant a fair trial

Thirteen:  whether appellate counsel was ineffective in refusing to argue on
           appeal the exclusion of the tape recording

Fourteen:  whether the court's jury instruction on Count Six relieved the
           government's burden, thus violating movant's due process rights

Fifteen:   whether the court violated movant's Fifth Amendment right when it
           imposed consecutive sentences and violated the double jeopardy
           clause

Sixteen:   whether the sentencing court violated movant's due process rights
           under Fed. R. Crim P. Rule 32

Seventeen: whether movant was denied Fifth and Sixth Constitutional rights
           where the sentencing court adopted inaccurate information and made
           factual findings

Eighteen:  whether counsel was ineffective where he failed to launch three
           objections at sentencing

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 7

Mot. (ECF No. 753) at 4-29.[4]

### A.    Ineffective assistance of trial counsel

To succeed on an ineffective assistance of trial counsel claim a movant must show

both that 1.) counsel's representation was deficient and that 2.) the deficient performance

"prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Regarding

the "deficient" prong, a movant must demonstrate that counsel "made errors so serious as

to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.  As for the

prejudice prong, a movant must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

at 694.[5]  The movant bears the burden of establishing his ineffective assistance of counsel

claims by a preponderance of the evidence.  *United States v. Serrano,* 798 F. Supp. 2d 634,

641 (E.D. Pa. 2011) (citing *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)).  A

movant "must identify the acts or omissions of counsel that are alleged not to have been the

result of reasonable professional judgment.  The court must then determine whether, in

light of the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." *Strickland*, 466 U.S. at 690.   Judicial scrutiny of

---

[4] Cruz also filed a Memorandum of Law (ECF No. 756) in which he elucidates each ground for relief and which, due to its length, is divided and attached as two attachments to the main document.

[5] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry.  *Strickland,* 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 8

counsel's performance is highly deferential, and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[ ] within the wide range of reasonable professional assistance." *Id*. at 689.  In addition, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . .  Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 691-92.  Thus, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010).

In the matter at bar, Cruz raises a general allegation of ineffective assistance of counsel.  Mot. (ECF No. 753) at 4; Mem. (ECF No. 756) at 9-10.  Cruz also makes specific charges, contending that his trial counsel was ineffective for failing to 1.) strike a biased juror, 2.) object to a juror who recognized the brother of the deceased, 3.) object to the admissibility of Ms. Michaud's testimony, 4.) object to Ms. Michaud's report on confrontation grounds, 5.) request a limiting instruction to the jurors, 6.) move to exclude the grand jury testimony of Tyiasha Moore and Angel Ayala, 7.) object to the jury instruction on Count VI, and 8.) object to the "revised" presentencing report and the Court's findings based thereon.

As will be shown herein, the claims that underlie all of the alleged "failures" of trial counsel are meritless.  Thus, trial counsel's alleged "failures" do not constitute unreasonable conduct or unprofessional errors.  Even assuming, *arguendo*, that Cruz could

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 9

prove that trial counsel's performance was deficient, in the absence of any evidence

showing that the result of trial would have been different had counsel acted "reasonably,"

Cruz's claim fails.

**B.      Biased juror**

Cruz alleges that the Court impaneled a biased juror, and, as a result, he was denied

a fair trial.  Mot. (ECF No. 753) at 5; Mem. (ECF No, 756) at 10-13.  Cruz also alleges that he

was denied effective assistance of counsel because his trial counsel failed to object to the

juror.  Mem. (ECF No. 756) at 13-16.  However, as the government explains in its response

in opposition (hereinafter, response or Response or Resp.) to the motion to vacate, the

court reporter has verified that the trial transcript contains a typographical error.  *See*

Response (ECF No. 806) at 28-29.

The transcript identifies Juror Number 6 as stating that s/he was biased and then

also selected as a juror.  The court reporter, Valerie Lawrence, attests that actually it was

Juror Number 26 who was the juror who indicated s/he could not be impartial and was

excused for cause, not Juror Number 6.  *See* Affidavit of Valerie Lawrence, dated July 25,

2014 (filed with Response at ECF No. 806 as Attachment #1).  Based upon the court

reporter's affidavit, the Court finds that Juror Number 6 was properly selected and that a

"biased" juror was not impaneled as a member of the jury.  Thus, this claim is meritless.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 10

### C.    Juror who knew decedent's brother

For his third claim, Cruz asserts that the Court should have conducted a hearing when it was revealed that the murder victim's brother recognized one of the jurors.  Mot. (ECF No. 753) at 7; Mem. (ECF No. 756) at 16-23.  Cruz claims that the Court's failure to conduct a hearing to determine whether "implied bias" existed with regard to the juror whom the deceased's brother recognized denied him the right to a fair trial.  He also alleges ineffective assistance of counsel because counsel failed to object to the juror or to request a hearing to determine implied bias.  Mem. (ECF No. 756) at 23-24.

Implied bias is "'bias attributable in law to the prospective juror regardless of actual partiality.' . . .  This doctrine is rooted in the recognition that certain narrowly-drawn classes of jurors are highly unlikely, on average, to be able to render impartial jury service . . . ."  *United States v. Mitchell*, 690 F.3d 137, 142 (3d Cir. 2012).  The doctrine is limited and "reserved for exceptional circumstances."  *Id*. at 147.

As this Court has stated: "The categories of presumptive bias under the law are: kinship to a party, even if remote; any financial interest in the case; former jury service in the same cause, or because the prospective juror was connected to the same society or corporation as a party in the case."  *United States v. Harper*, Criminal Action No. 2011-004, 2014 WL 3708071, at *9 (D.V.I. July 25, 2014), *aff'd sub nom. United States v. Flanders*, 635 F. App'x 74 (3d Cir. 2015) (citations omitted).  None of these categories is present with regard to the juror at issue.  In the absence of the juror falling within one of the

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 11

presumptive-bias categories, the mere fact that the decedent's brother recognized the juror

is insufficient to find that a hearing to determine implied bias was required.  Because a

hearing to determine implied bias was not warranted, Cruz's counsel did not act

unreasonably in failing to request a hearing.

Further, Cruz admits that this claim was not raised on direct appeal.  Because Cruz

failed to raise this issue in his appeal, he has procedurally defaulted his claim.

### D.    Admission of Ms. Michaud's testimony and report

Grounds Four, Five, Six, and Seven center around the testimony of the government's

expert, Amy Michaud.  Mot. (ECF No. 753) at 8-13; Mem. (ECF No. 756) at 25-50.  Cruz

alleges that, because Ms. Michaud's testimony and report were based upon the results of

testing actually carried out by others, he was denied his right to confrontation and cross

examination.  Mem. (ECF No. 756) at 27-28.  He also claims that her testimony and report

should not have been allowed into evidence because they constituted hearsay or, at least,

should have resulted in a limiting instruction to the jury.  *Id*. at 46-50.  In its response, the

government notes that Ms. Michaud "indicated at least six times that her testimony was

based upon her own observations and analyses."  Resp. (ECF No. 806) at 34.  In addition,

the government states that, "although Ms. Michaud testified that she had prepared a report,

her report was not offered or admitted during trial."  *Id*. at 35.

Based upon the facts presented, the Court finds that Ms. Michaud's testimony and

report did not constitute hearsay nor did they deprive said Defendant/Movant of the right

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 12

to confront or cross-examine. Moreover, like the previous claims, Cruz admits that these claims were not raised on direct appeal. Cruz does not claim innocence or provide evidence of actual prejudice. Consequently, Cruz has procedurally defaulted these claims.

In addition, the fact that the Ms. Michaud's testimony and report were not hearsay and did not deprive said Defendant/Movant of his constitutional rights also resolves said Defendant/Movant's claim of ineffective assistance of counsel based upon counsel's failure to object to Ms. Michaud's testimony and report and to request a limiting jury instruction. However, even if Ms. Michaud's testimony should have been excluded, said Defendant/Movant provides no evidence that the trial would have resulted differently had counsel objected or requested a limiting instruction.

### E.      Testimony of witnesses Tyiasha Moore and Angel Ayala

Cruz asserts in Grounds Eight, Nine, and Ten that the testimony of witnesses Tyiasha Moore and Angel Ayala occurred outside of the grand jury and constituted improper "investigatory interrogations." Mot. (ECF No. 753) at 14-18; Mem. (ECF No. 756-1 at 3-33) at 56-86. A review of the transcripts and the timing of the court proceedings persuade the Court that said Defendant/Movant's characterization and understanding of the proceedings are in error. The Court agrees with the government's explanation that both witnesses were brought before the Court after failing to appear before the grand jury, as required, and those proceedings before the Court wherein the Court questioned them then became part of the Grand Jury proceedings. *See* Resp. (ECF No. 806) at 37-40.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 13

Consequently, the questioning of the two witnesses were not improper "investigatory interrogations."

Again, said Defendant/Movant failed to raise Grounds Eight and Nine on appeal; thus, those claims have been procedurally defaulted. As explained hereinafter, Cruz's allegation of ineffective assistance of appellate counsel regarding these claims, in Ground Ten, fails because he has not demonstrated how these claims were "clearly stronger" than the bases of appeal appellate counsel ultimately chose to pursue.

**F.    Exclusion of Armando Cruz tape recording**

Grounds Eleven, Twelve, and Thirteen concern the tape recording of Armando Cruz that said Defendant/Movant believes was favorable to him and improperly excluded by the trial judge. Mot. (ECF No. 753) at 19-22; Mem. (ECF No. 756-1 at 36-57 and 756-2 at 1-2) at 89-112. As the Court understands the issue, said Defendant/Movant's counsel attempted to introduce a tape recording of a conversation between a witness, Armando Cruz, and said Defendant/Movant, Felix Cruz. On the recording, Armando Cruz says that he is unemployed. *United States v. Berrios*, Crim. No. 2004-0105, 2008 WL 2704884 at *9 (D.V.I. July 8, 2008). However, during live testimony at trial, Armando Cruz stated that he made $700 a week. *Id*. As this Court noted, no Defendant cross-examined Armando Cruz with regard to that particular testimony, and said Defendant/Movant tried to introduce the tape recording during his case in chief. *Id*. at *10.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 14

The Court affirmed its prior ruling denying admission of the recording at that point

in the trial, *id.*, relying in Fed. R. Evid. 613(b), which provides: "Extrinsic evidence of a

witness's prior inconsistent statement is admissible only if the witness is given an

opportunity to explain or deny the statement and an adverse party is given an opportunity

to examine the witness about it, or if justice so requires." Fed. R. Evid. 613(b). The proper

time to have introduced the recording would have been during cross-examination of

Armando Cruz when he was on the witness stand. Other options would have been for said

Defendant/Movant Felix Cruz to have subpoenaed Armando Cruz to appear as his witness

or at least requested that Armando Cruz remain available during the trial to be re-called.

*Berrios*, 2008 WL 2704884 at *10. Said Defendant/Movant did not do any of those things in

order to give Armando Cruz an "opportunity to explain or deny" the inconsistencies

between his statements. *Id.* Thus, the Court properly applied the rules of evidence in

excluding the recording.

Cruz also claims that the Court improperly found Armando Cruz's statements to be

hearsay. Cruz is mistaken. According to the transcripts and the Court's opinion resolving

post-trial motions, the Court refused to allow the recording into evidence because Felix

Cruz's statement, not Armando Cruz's statement, was hearsay. *Id.* As Defendant/Movant

recites in his Memorandum of law, his counsel states that he is seeking to introduce the

recording because "my client categorically den[ies] that he was involved . . . ." Mem. (ECF

No. 756-1 at 47) at 100. This purpose is the very definition of hearsay, that is, to "prove the

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 15

truth of the matter asserted."   Fed. R. Evid. 801(c).  Consequently, the Court properly

excluded the recording because Felix Cruz's statement constitutes hearsay.  *See Berrios*,

2008 WL 2704884 at *10.

As with other issues, said Defendant/Movant failed to raise Ground Eleven and

Ground Twelve on appeal.  These claims, too, have been procedurally defaulted.  Further,

Cruz's allegation of ineffective assistance of appellate counsel regarding these claims

contained in Ground Thirteen fails because he has not demonstrated how these claims

were "clearly stronger" than the issues appellate counsel chose to pursue on appeal.

G.    **Trial Court's jury instruction on Count Six relieved the government's burden to prove beyond a reasonable doubt**

Count Six of the third superseding indictment charged Defendants with causing the

death of a person through the use of a firearm.  Third Superseding Indictment (Docket No.

309) at 7.  Cruz alleges that the jury instruction regarding this count of the indictment

"improperly relieved the Government of the burden of proving the most critical element of

Federal law for 'in relation to' and 'in furtherance of' the crime of violence, because the Jury

Instructions did not clarify 'in relation to' and 'in furtherance of' crime of violence . . . ."

Mem. (ECF No. 756-2 at 5) at 115.

It is well settled that, when reviewing jury instructions, the court of appeals

"consider[s] 'whether, . . . the charge as a whole fairly and adequately submits the issues in

the case to the jury.'" *United States v. Bullard*, 38 F. App'x 753, 754 (3d Cir. 2002) (citation

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 16

omitted).  In other words, the Court determines whether, "[t]aking the jury instructions as

a whole[,] . . . they are [] confusing [or] misleading."  *Id*. at 755.

In support of his claim, Cruz quotes the jury instruction regarding Count Six.  On its

face, the instruction plainly states each element of the offense and states that each must be

"proved beyond a reasonable doubt."  Jury Instruction for Count 6 – Causing the Death of a

Person Through the Use of One or More Firearms (ECF No. 806, Attachment #6).  Thus, his

argument that the instruction somehow relieves the government's burden of proof is not

borne out by the text.

In addition, as the government notes, the jury instruction regarding Count Four

contains an explanation of the phrase "in furtherance of."  Resp. (ECF No. 806) at 45; *see*

*also* ECF No. 806, Attachments #6 and #7.  Taken together or, as the case law directs, taking

the jury instructions as a whole, the jury instructions adequately present the issues and are

not misleading.

Based upon the foregoing, the Court finds that the jury instruction regarding Count

Six did not relieve the government from proving any element of the offense beyond a

reasonable doubt and, because the Court adequately defined "in furtherance of" in its jury

instruction regarding Count Four, the jury instructions, taken as a whole, were not

deficient.  Trial counsel did not act unreasonably or unprofessionally when he failed to

object to the jury instructions because they were adequate.  In any event, said

Defendant/Movant does not demonstrate that the results of trial would have been different

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 17

had counsel objected.  Further, said Defendant/Movant failed to raise this claim on appeal

and, thus, has procedurally defaulted the claim contained in Ground Fourteen.

      **H.**      **Counts V and VI = Double jeopardy**

      Said Defendant/Movant asserts as Ground Fifteen that the consecutive life

sentences for his convictions on Counts Five and Six violate the double jeopardy clause.

Mot. (ECF No. 753) at 25; Mem. (ECF No. 756-2 at 13) at 123.  This same issue was

presented to the Third Circuit Court of Appeals by Cruz's co-Defendant Reinaldo Berrios.

*See Berrios*, 676 F.3d at 138-144.  The appellate court rejected Berrios's double jeopardy

challenge, and the Court adopts its reasoning and findings, here.  Thus, this claim

completely lacks any merit.  The failure of appellate counsel to raise this issue is rendered

moot by the rejection of the claim.  Additionally, Cruz has procedurally defaulted this claim

because he failed to raise it on appeal.

      **I.**      **PSI report**

      The final three grounds upon which Cruz seeks relief all relate to his presentence

investigation (PSI) report.  Mot. (ECF No. 753) at 26-30; Mem. (ECF No. 756-2 at 18-30) at

128-40.  Said Defendant/Movant alleges that his due process rights were violated when the

sentencing court failed to ask him whether he had the opportunity to review the "revised"

presentence investigation report, thereby not allowing said Defendant/Movant to make

specific objections to the said report pursuant to Fed. R. Crim. P. Rule 32.  Mem. (ECF No.

756-2 at 18-19) at 128-29.  Cruz also claims that he was "denied his 5th and 6[th]

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 18

Constitutional Rights. Where [sic] the sentencing Court adopted inaccurate information and made factual findings." Mot. (ECF No. 753) at 28. Lastly, Cruz claims that he was denied effective assistance of counsel when counsel failed to object to the Court's "violation" of Fed. R. Crim. P. Rule 32 and to the "inaccurate" information in the PSI report and the Court's adoption thereof. *Id.* at 29.

Rule 32 of the Federal Rules of Criminal Procedure requires the sentencing court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report . . . ." Fed. R. Crim. P. 32(i)(1)(A). Nothing in the rule itself, or in the Third Circuit case law, imposes an affirmative duty on the Court "to ask the defendant directly whether he or she 'has had an opportunity to read the report, whether the defendant and counsel have discussed the report and whether the defendant wishes to challenge any facts in the report.'" *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986) (quoting *United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir. 1984)).

As the transcript of the sentencing hearing indicates, counsel for Cruz informed the Court that he reviewed the presentence investigation report and gave a copy to said Defendant/Movant. Transcript of Sentencing, June 11, 2007 (ECF No. 806-8) at 41, 43. Said counsel also told the Court: "I visited Mr. Cruz twice in Guaynabo to go over the presentence report. And each time I went there he refused to go over the presentence report with me . . . ." *Id.* at 38. Clearly, counsel and said Defendant/Movant "had the opportunity to read the PSI prior to sentencing." *Mays*, 798 F. 2d at 79. Further, Cruz did

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 19

not contradict his counsel regarding said statements nor did he raise any objections

specific to the presentence investigation report when he was allowed to address the Court.

*See id.* at 46-49; Transcript of Resentencing, January 27, 2009 (ECF No. 806-9) at 4-11.

Therefore, the Court finds no violation of Fed. R. Crim. P. Rule 32 or any due process right

thereunder.

With regard to Cruz's allegation that the PSI report contained "inaccurate

information" that the Court adopted when it made its factual findings, Cruz seemingly takes

issue with the parts of the report that merely recite the charges contained in the

indictment.  *See* Mem. (ECF No. 756-2 at 21-23) at 131-33.  However, said

Defendant/Movant was convicted of those counts of the indictment; hence, the language to

which Cruz objects is not inaccurate.  Consequently, this claim is meritless.  As with the

previous claims, these claims regarding the presentence investigation report have been

procedurally defaulted due to Cruz's failure to raise them on appeal.

The Court also finds that because Cruz's claims regarding Fed. R. Crim. P. Rule 32

and the presentence investigation report are without merit, counsel for Cruz did not act

unreasonably when he failed to object during the sentencing hearings.  Even if counsel

would have objected as Cruz desired, said Defendant/Movant has failed to show that the

trial would have resulted in a different outcome.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 20

## J.    Ineffective assistance of appellate counsel

The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). That is, the Court applies the two-prong test enunciated in *Strickland*. With regard to appellate counsel's deficiency, when a petitioner contends appellate counsel failed to raise specific issues, a petitioner must show that his appellate counsel's representation fell below an objective standard of reasonableness – that is, "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285. To establish the prejudice prong, a petitioner must show that "'there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard.'" *United States v. Solomon*, Nos. 2:05-cr-0385, 2:12-cv-0282, 2013 WL 869648 at *24 (W.D. Pa. Mar. 7, 2013) (quoting *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000)).

Focusing on issues most likely to prevail "'is the hallmark of effective appellate advocacy.'" *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)). Accordingly, where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith*, 528 U.S. at 288 (citation omitted). To overcome the presumption of competence of appellate counsel, a petitioner must show the omitted issues were "clearly stronger" than those counsel chose to assert. *Id.* (citing *Gray v. Greer*, 800

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 21

F.2d 644, 646 (7th Cir. 1986)); *Jones v. Barnes*, 463 U.S. 745, 752-54 (1983) (rejecting "per se" rule that appellate counsel must raise every nonfrivolous claim).

Cruz asserts that his appellate counsel was ineffective for failing to raise a suppression issue regarding the grand jury testimony of Tyiasha Moore and Angel Ayala, for failing to raise the issue of the exclusion of a tape recording "material and favorable" to the defense, and for failing to raise a double jeopardy claim regarding Counts Five and Six.

Appellate counsel raised three nonfrivolous claims in Cruz's direct appeal: that the recording of the conversation between co-Defendants Berrios and Moore should not have been admitted into evidence, that the evidence was insufficient to convict him of all of the charges, and that the prosecutor engaged in misconduct by "vouching" for witnesses Tyiasha Moore and Angel Ayala. *United States v. Berrios*, 676 F. 3d 118 (3d Cir. 2010).

As the United States Supreme Court has stated, appellate counsel is free to "select from among [all possible claims] in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 288. Cruz has failed to meet his burden of showing that the claims not raised on appeal were "clearly stronger" than the ones selected by his appellate counsel. Moreover, Cruz has presented no evidence that the result of his appeal would have been different had appellate counsel asserted one of the other claims Cruz raises in his § 2255 motion. Consequently, this claim is without merit.

*United States v. Cruz*
1:04-cv-00105-4; 1:13-cv-00063
Report and Recommendation
Page 22

## IV.    CONCLUSION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant Felix

Cruz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside[,] or Correct Sentence by a Person

in Federal Custody (ECF No. 753) be **DENIED** without an evidentiary hearing,[6] and

it is further RECOMMENDED that a certificate of appealability be **DENIED**.[7]

Any objections to this Report and Recommendation must be filed in writing within

fourteen (14) days of receipt of this notice.  Failure to file objections within the specified

time shall bar the aggrieved party from attacking such Report and Recommendation before

the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:


Dated: December 15, 2017                       /s/ George W. Cannon, Jr.
                                               GEORGE W. CANNON, JR.
                                               MAGISTRATE JUDGE

---

[6] The question of whether to order an evidentiary hearing when considering a motion to vacate a sentence under § 2255 "is committed to the sound discretion of the district court."  *Government of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). A § 2255 evidentiary hearing "is unnecessary when the 'files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Padilla–Castro,* 426 F. App'x 60, 63 (3d Cir.2011) (quoting 28 U.S.C. § 2255(b)).  Here, the record in this case conclusively shows that Cruz is not entitled to relief.

[7] When a district court issues a final order on a § 2255 motion, it must make a determination whether it will permit a certificate of appealability.  3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1).  A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Here, the record fails to show a violation of Cruz's constitutional rights. Accordingly, a certificate of appealability should be denied.